IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 15, 2025 Session

## TRINITY CLARK, ET AL. v. LANCE BAKER

**Appeal from the Circuit Court for Knox County**
**No. 3-285-22     Deborah C. Stevens, Judge**

---

### No. E2025-00117-COA-R9-CV

---

This appeal concerns Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(e), an ethics rule requiring that a division of fees between lawyers who are not in the same firm be agreed to by the client in writing. Trinity Clark ("Clark") entered into a retainer agreement with attorney Troy Jones ("Jones") on a 1/3 contingency fee. Jones brought Clark's matter to attorney Lance Baker ("Baker"), who was not in a firm with Jones. Clark later entered an agreement with Baker on a 45% contingency fee. The Clark-Baker agreement provided, in writing, that Baker could associate other attorneys on the case, but that Clark's overall fee obligation would not increase. The agreement neither identified any other attorneys nor specified how fees would be divided between them. After Clark's case settled, Clark sued Baker in the Circuit Court for Knox County ("the Trial Court"), alleging Baker's fee was unreasonable. Jones joined the lawsuit, arguing he was entitled to a share of the fees ("Plaintiffs," Jones and Clark collectively). Baker filed a motion for summary judgment. The Trial Court denied Baker's motion, finding that both the Clark-Jones agreement and the Clark-Baker agreement were invalid for noncompliance with Rule 1.5(e). This interlocutory appeal followed. We find the Clark-Jones agreement invalid. However, with respect to the Clark-Baker agreement, we find that the entire arrangement and Clark's assent thereto satisfied Rule 1.5(e). We reverse on this issue and find that the Clark-Baker agreement is not invalid for failure of compliance with Rule 1.5(e). We affirm, in part, and reverse, in part.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court
Affirmed, in Part, and Reversed, in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KRISTI M. DAVIS, JJ., joined.

Joshua D. Hedrick, Knoxville, Tennessee, for the appellant, Lance Baker.

Keith D. Stewart, Knoxville, Tennessee, for the appellees, Trinity Clark and Troy Jones.

## OPINION

## Background

This interlocutory appeal concerns the application of Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(e), an ethics rule addressing the division of fees between lawyers who are not in the same firm. Rule 1.5(e) provides:

> (e) A division of a fee between lawyers who are not in the same firm may be made only if:
> (1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;
> (2) the client agrees to the arrangement, and the agreement is confirmed in writing; and
> (3) the total fee is reasonable.

Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(e).

Comment 7 to Rule 1.5 clarifies the requirements of Rule 1.5(e), elaborating on the level of detail necessary for an agreement to satisfy the rule:

> ***Division of Fee***
> *[7] A division of fee is a single billing to a client covering the fee of two or more lawyers who are not in the same firm. A division of fee facilitates association of more than one lawyer in a matter in which neither alone could serve the client as well, and most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist. Paragraph (e) permits the lawyers to divide a fee either on the basis of the proportion of services they render or if each lawyer assumes responsibility for the representation as a whole. In addition, the client must agree to the arrangement, and the agreement must be confirmed in writing. It does not require disclosure to the client of the share that each lawyer is to receive. Contingent fee agreements must be in a writing signed by the client and must otherwise comply with paragraph (c) of this Rule. Joint responsibility for the representation entails the obligations stated in RPC 5.1 for purposes of the matter involved. A lawyer should only refer a matter to a lawyer whom the referring lawyer reasonably believes is competent to handle the matter. See RPC 1.1.*

Tenn. Sup. Ct. R. 8, Rule 1.5, Comment 7.

In this case, two lawyers who are not in the same firm each entered into agreements with the same client, one after the other. In September 2021, Clark contacted Jones about representing her in a civil rights matter involving the Knoxville Police Department. In January 2022, Clark signed a retainer agreement with Jones. The Clark-Jones agreement provided for a 1/3 contingency fee for Jones if the case settled before a lawsuit was filed. Jones subsequently contacted Baker, a civil rights attorney, and provided him with information about Clark's case. In February 2022, Baker sent a letter addressed to Knoxville officials requesting certain documents. The letter bore "The Baker Law Firm" letterhead. Baker wrote: "Please be advised that I, along with attorney Troy Jones, represent Ms. Trinity Clark, who was arrested, unlawfully detained and assaulted by a KPD officer on August 11, 2021."

In March 2022, Baker sent Clark a retainer agreement. The Clark-Baker agreement provided for a 45% contingency fee to Baker of any gross recovery, as well as reimbursement for out-of-pocket expenses. The Clark-Baker agreement further provided: "Attorney has the right to associate other lawyers to assist Attorney in prosecuting the litigation. The association of other attorneys will not increase the amount of the Client's attorney fee obligation for the successful resolution of the litigation, by judgment or settlement." There was no breakdown of how fees were to be divided among associated attorneys, nor were any other specific attorneys named. The Clark-Baker agreement also stated: "Client acknowledge[s] and approve[s] that this Agreement is prepared to set out the terms of their understanding more fully, and supersedes any prior agreements entered into on various dates." Clark signed the agreement. According to Baker, he was unaware of the earlier Clark-Jones agreement; Jones said he had told Baker about it. In July 2022, Clark's dispute went to mediation. Baker, Jones, and Clark were present at the mediation. Ultimately, the case settled for $175,000. Baker did not pay Jones any fees.

In October 2022, Clark sued Baker in the Trial Court. Clark alleged that Baker's fee was unreasonable. In March 2023, an amended complaint was filed in which Jones was added as a plaintiff. Jones asserted that he had an interest in Baker's fee. Baker filed a motion for summary judgment. In February 2024, the Trial Court entered an order denying Baker's motion. The Trial Court found that both the Clark-Jones agreement and the Clark-Baker agreement were invalid for noncompliance with Rule 1.5(e). The Trial Court found as a matter of law that "when Mr. Baker sent a letter to the city indicating joint representation RPC 1.5(e) was triggered and he was required to advise the client, in writing, as to how they were handling fees." Concluding its analysis, the Trial Court stated: "[T]his Court finds that it would be inappropriate to allow the parties to prevail in enforcing contracts that did not address the issue of division of fees in compliance with the Rules of Professional Conduct." The Trial Court found a genuine issue of material fact as to the reasonableness of the fees and ordered that a hearing be held to determine reasonable attorney's fees and how to divide them between Baker and Jones. Baker filed a motion for

interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The Trial Court granted Baker's motion, and we entered an order granting Baker's Rule 9 application.

## **Discussion**

We granted this application for interlocutory appeal to address the sole issue: Whether, as a matter of law, the retainer agreement between Baker and Clark and the retainer agreement between Jones and Clark are invalid because of the failure of compliance with RPC 1.5(e).

The Trial Court denied Baker's motion for summary judgment. A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The issue we address concerns the interpretation of a court rule, a legal question we review *de novo* without a presumption of correctness. *Haggard v. Carroll*, No. W2023-01521-COA-R3-CV, 2024 WL 5155594, at *2 (Tenn. Ct. App. Dec. 18, 2024), *no appl. perm. appeal filed*.

This Court has previously discussed how a lawyer's noncompliance with Rule 1.5(e) may affect that lawyer's right to collect a fee. In *Cordova ex rel. Alfredo C. v. Nashville Ready Mix, Inc.*, we stated, in part:

> [T]he Tennessee Supreme Court has held that an attorney may forfeit his or her right to collect a fee if the attorney commits "an ethical transgression of a most flagrant sort," which "goes directly to the heart of the fiduciary relationship that exists between attorney and client." *White v. McBride*, 937 S.W.2d 796, 803 (Tenn. 1996).
>
> Plaintiffs assert that Mr. Hodges forfeited his right to collect a fee by violating Tennessee Rule of Professional Conduct 1.5(e). The rule provides, in relevant part: "A division of a fee between lawyers who are not in the same firm may be made only if: . . . (2) the client agrees to the arrangement, and the agreement is confirmed in writing. . . ." Tenn. Sup. Ct. Rule 8, RPC 1.5. Here, it is undisputed that Mr. Hodges did not obtain Plaintiffs' written consent to enter into a fee-sharing agreement with Mr. Martin.
>
> Although neither Mr. Hodges nor Mr. Martin denied that they failed to obtain Plaintiffs' written consent to the fee-sharing arrangement, this transgression is not "of a most flagrant sort," and it does not go "directly to the heart of the fiduciary relationship that exists between attorney and client."

*White*, 937 S.W.2d at 803. We reached the same conclusion in *Coleman v. Coleman*, No. W2012-02183-COA-R3-CV, 2013 WL 5308013 (Tenn. Ct. App. Sept. 19, 2013). We reasoned that the violation of Rule 1.5(e) was not "flagrant" because the client was informed about the fee when her relationship with the firm began, and she "did not pay more overall attorney fees because of the referral fee agreement." *Id*. at \*19.

There is no evidence to support a finding that Mr. Hodges's failure to obtain Plaintiffs' written consent prejudiced them. Accordingly, Mr. Hodges's violation of the rule does not preclude him from recovering a reasonable fee as set forth in the fee agreement. *See Seibers v. Pepsi-Cola Bottling Co.*, No. M1999-02559-COA-R3-CV, 2000 WL 1862833, at \*7 (Tenn. Ct. App. Dec. 21, 2000) (concluding that attorney's ethical violation did not preclude fee when there was "no evidence that the [violation] impaired the value of [the attorney's] work or that it threatened or harmed any of [the client's] interests").

*Cordova ex rel. Alfredo C. v. Nashville Ready Mix, Inc.*, No. M2018-02002-COA-R3-CV, 2020 WL 2534322, at \*9-10 (Tenn. Ct. App. May 19, 2020), *no appl. perm. appeal filed*.

In the appeal at bar, no one disputes that the Clark-Jones agreement failed to comply with Rule 1.5(e), and no one argues for the validity of that agreement. The record bears this out. Jones sought to share attorney's fees with Baker on the Clark case, so Rule 1.5(e) was implicated. However, there is no hint that the Clark-Jones agreement complied with Rule 1.5(e). Given the utter lack of compliance with Rule 1.5(e), we find the Clark-Jones agreement invalid.

By contrast, the parties dispute the validity of the Clark-Baker agreement. Plaintiffs contend, and the Trial Court found, that the Clark-Baker agreement is invalid for noncompliance with Rule 1.5(e). In their brief, Plaintiffs state: "Clark was not informed of how the fee sharing arrangement was to be conducted and thus was not able to consent to the fee sharing arrangement between Baker and Jones."

Baker, arguing for the validity of his agreement with Clark, first asserts that his statement in a letter to city officials that both he and Jones represented Clark was not enough to trigger Rule 1.5(e). According to Baker, joint responsibility rather than joint representation triggers the rule, and Jones never assumed joint responsibility for Clark's case. Respectfully, this argument lacks merit. In Baker's letter to city officials, he wrote: "Please be advised that I, along with attorney Troy Jones, represent Ms. Trinity Clark, who was arrested, unlawfully detained and assaulted by a KPD officer on August 11, 2021." Baker dismisses his statement as merely "[m]entioning Jones's name to City officials in a

letter. . . ." We disagree. Baker's statement was unequivocal—both he and Jones represented Clark. There was no delineation of roles or disclaimers of responsibility. Baker held himself and Jones out as representing Clark equally, without distinguishing their respective levels of responsibility. Baker will be held to his unequivocal assertion, understood in its ordinary meaning. As Baker and Jones were not in the same firm, Rule 1.5(e) governed the division of fees between them. We find that Rule 1.5(e) is implicated in the Clark-Baker agreement.

Baker argues next that, even if Rule 1.5(e) were implicated, his agreement with Clark complied with the rule. Baker states that "[Rule 1.5(e)] does not require disclosure of the identity of all fee recipients or disclosure of the actual share each lawyer is to receive." Baker points out that, under the Clark-Baker agreement, the association of additional attorneys did not increase Clark's overall fee obligation. Baker also asserts that Clark had actual knowledge that both Baker and Jones would be working on her case. Plaintiffs, on the other hand, contend that the Clark-Baker agreement was too imprecise to satisfy Rule 1.5(e). Plaintiffs state: "While the agreement had a vague clause that gave Baker the right to associate with another attorney in prosecuting the litigation, [t]he agreement failed to discuss the fee sharing with Mr. Baker or confirm this fee sharing. Neither Jones nor Baker named each other in any agreements."

It is obvious that there was an unfortunate lack of coordination and communication between Baker and Jones in their work on the Clark case. Nevertheless, the narrow question before us in this interlocutory appeal is not the lawyer's dispute over their shares of the fees, but whether the Clark-Baker agreement was invalid for noncompliance with Rule 1.5(e). To determine that, we review the pertinent provision in the agreement, allowing Baker to associate other attorneys. The Clark-Baker agreement provided that Baker could associate other attorneys, but Clark's overall fee obligation would not increase. While the agreement did not set out by percentage how the fee would be split between the lawyers, Tennessee law currently does not require a precise breakdown of the shares. Comment 7 to Tennessee's Rule 1.5 reflects this clearly, observing that the rule "*does not require disclosure to the client of the share that each lawyer is to receive.*" By contrast, Model Rule 1.5(e) of the American Bar Association's Model Rules of Professional Conduct contains the following pertinent language: "(e) A division of a fee between lawyers who are not in the same firm may be made only if: . . . (2) the client agrees to the arrangement, including the share each lawyer will receive. . . ." MRPC Rule 1.5(e), https://www.americanbar.org/groups/professional_responsibility/publications /model_rules_of_professional_conduct/rule_1_5_fees/ (last accessed Aug. 26, 2025) (emphasis added). To date, Tennessee has not chosen to include in Rule 1.5(e) language akin to that in the ABA Model Rules requiring a breakdown of the shares. Thus, the failure of the Clark-Baker agreement to set out each lawyer's share does not constitute a violation of Rule 1.5(e). In any event, under the Clark-Baker agreement, fee sharing was discussed

by clearly stating that Clark's overall fee obligation was completely unaffected by how the lawyers divided their share. Insofar as Plaintiffs argue that the Clark-Baker agreement failed to disclose to Clark that associated attorneys might get paid any fees at all, we find this unavailing. Lawyers generally are paid for their work. Lay people know this as well as lawyers. If Baker associated an attorney, that attorney was likely to get paid a share of fees, and under the agreement, it would not affect Clark's fee obligation at all.

The Clark-Baker agreement is quite clear that Baker had the right to associate other attorneys. Clark agreed to this provision, and the entire arrangement, as set out in the Clark-Baker agreement. Under this entire arrangement, endorsed by Clark with her signature, Baker had the right to associate other attorneys so long as Clark's overall fee obligation did not increase. If Clark objected to this provision, she could have refrained from signing the agreement with Baker. She did not. It is unclear from Plaintiffs' argument precisely what additional information Clark needed in order to give informed consent. While Clark argues she was unable to consent to the fee sharing arrangement between Baker and Jones, the Clark-Baker agreement provided for just such a scenario as that which transpired and that which Clark agreed to in writing. We find that the entire arrangement and Clark's assent thereto satisfied Rule 1.5(e) and its requirement that a division of fees between lawyers who are not in the same firm be agreed to by the client in writing.[1] We reverse on this issue and find the Clark-Baker agreement is not invalid for failure of compliance with Rule 1.5(e). We remand for further proceedings consistent with this Opinion.[2]

## Conclusion

We find the Clark-Jones agreement invalid. We affirm the Trial Court's judgment to that extent. However, we reverse the Trial Court as to the Clark-Baker agreement, which we find is not invalid for failure of compliance with Rule 1.5(e). The judgment of the Trial Court is therefore affirmed in part, and reversed, in part. This cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellees, Trinity Clark and Troy Jones.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[1] Baker argues in the alternative that, even if his agreement with Clark violated Rule 1.5(e), the violation did not prejudice Clark and was not one of the most flagrant sorts envisioned in *Cordova*. As we find no violation of Rule 1.5(e), we need not and do not reach this argument.

[2] The Trial Court found a genuine issue of material fact as to the reasonableness of the attorney's fees and the division of fees between Baker and Jones. We take no position on these issues, which are not before us in this interlocutory appeal.